**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Joshua Bloom,
Petitioner,
vs.
United States Department of Treasury,
Respondent.

United States of America,
Plaintiff,
vs.
Rolls Royce Phantom Sedan 2004, VIN # SCA1S68444UX07410,
Defendant.

No. CV-12-1999-PHX-FJM
No. CV-12-2337-PHX-FJM

**ORDER**

The court has before it two identical Motions to Set Aside Default, Re-Open Cases and Unseal Documents in the above two captioned cases. In Bloom v. U.S. Treasury, 12-CV-1999, we have the motion (doc. 14), response (doc. 18), and reply (doc. 21). In U.S. v. Rolls Royce Phantom Sedan, 12-CV-2337, we have the motion (doc. 16), response (doc. 20), and reply (doc. 23). In both motions, petitioner Joshua Bloom seeks to set aside the default judgments entered against him, and to reopen the cases for an adjudication on the merits.

**I. Background**

In March 2010, Bloom purchased the subject 2004 Rolls Royce for $134,843.66 from a dealer in Texas. He paid for the vehicle in part with 16 money orders issued by Money Gram, the United States Postal Service, and Western Union. The 16 money orders were purchased on the same day, at nine separate locations in close proximity, in amounts below the currency transaction reporting threshold of $10,000.[1] The government alleged that Bloom knowingly structured the financial transactions in order to avoid the reporting requirements of 31 U.S.C. § 5313(a), in violation of 31 U.S.C. § 5324(a).

Bloom also financed a portion of the vehicle purchase with a $65,000 loan from Best Banc. The government asserted that Bloom made a number of suspect and unusual payments on the car loan, including an October 25, 2010 payment consisting of 16 money orders that were purchased at two locations in close proximity to each other. Again, government analysis of the money orders revealed that they were purchased in a manner consistent with an attempt to evade the currency transaction reporting requirements.

On May 8, 2012, a Federal Task Force Officer interviewed Bloom regarding the financial transactions. Bloom stated that he purchased the money orders using money that he kept in a safe buried in the backyard of his mother's residence in Delaware. But when the officer told Bloom that his mother would also be contacted, Bloom changed his story and admitted that his mother lived in Washington State. The Officer ultimately served Bloom with a federal seizure warrant and seized the Rolls Royce.

On September 19, 2012, Bloom, through his lawyer Nathan Carr, filed a hardship petition in this court. See Bloom v. U.S. Treasury, 12-CV-1999 ("IRS Hardship Action"). The United States responded to the petition asserting that Bloom had purchased the Rolls Royce through financial transactions that were knowingly structured to avoid the reporting

[1]Under the Currency and Foreign Transactions Reporting Act of 1970, and regulations promulgated by the Department of Treasury, financial institutions are required to file reports whenever they are involved in cash transactions of more than $10,000. 31 U.S.C. § 5313(a); 31 C.F.R. § 1010.311.

requirements of 31 U.S.C. § 5313(a). The government argued that the hardship petition should be denied because Bloom could not prove any of the four elements set forth in 18 U.S.C. § 983(f)(1). Bloom did not file a reply brief in support of his petition. On January 28, 2013, we entered an order finding that Bloom had not satisfied § 983(f)(1), and denied the petition (doc. 12). The Clerk entered final judgment (doc. 13).

On October 31, 2012, while the Hardship Action was pending, the United States filed a civil complaint for forfeiture of the Rolls Royce. U.S. v. Rolls Royce Phantom Sedan, 12-CV-2337 (the "Forfeiture Action"). Because Bloom's lawyer, Nathan Carr, was representing Bloom in the IRS Hardship Action, the United States served the complaint and notice of forfeiture upon Mr. Carr by certified mail, at his address of record. Carr's office signed the certified mail receipt on November 4, 2012. Bloom did not file a claim or answer in the Forfeiture Action. Therefore, upon motion of the government, the Clerk entered default judgment on February 13, 2013.

**II. IRS Hardship Action**

Bloom has now moved to set aside the "default" judgments in both the IRS Hardship Action and the Forfeiture Action, contending that his lawyer, Nathan Carr, had moved his office in November 2012, and therefore did not receive the notices of the docket filings in either case.

First, we reject Bloom's characterization of the judgment in the IRS Hardship Action as a "default judgment." Bloom filed his petition. The government answered. Notwithstanding that Bloom did not file a reply brief in support of his hardship petition, we ruled on the merits of the petition and final judgment was entered. This was not a default judgment.

Moreover, contrary to Bloom's current assertion, Attorney Carr does not "avow[] that he did not receive any pleadings or information in the [IRS Hardship] case." Motion at 3:18-22. In fact Carr acknowledges that he "receiv[ed] notice that the petition . . . was denied." Carr Affidavit at 1:18-19. More importantly, however, the docket in the IRS Hardship Action demonstrates that each of the docket entries was electronically sent to Carr. The fact

that electronic notices were sent renders the relocation of Carr's physical office irrelevant.

The record demonstrates that Bloom, through his counsel of record, received notices of every filing in the IRS Hardship Action. Bloom has made no showing to support a motion for relief from judgment under Rule 60(b), Fed. R. Civ. P. Therefore, petitioner's motion to set aside the judgment in the IRS Hardship Action is denied (12-CV-1999, doc. 14).

**III. Forfeiture Action**

The government asserts that, when it filed the Complaint for Forfeiture of the Rolls Royce on October 31, 2012, it served the complaint and the notice of forfeiture by certified mail on Nathan Carr, the same lawyer representing Bloom in the IRS Hardship Action. Carr's office signed the certified mail receipt on November 14, 2012. On January 25, 2013, the United States filed a notice of publication and mailed a copy to Carr. Bloom failed to file a claim or answer. The United States therefore applied for a default and mailed a copy to Carr. The government then moved for default judgment, and again mailed a copy to Carr. On February 13, 2013, the Clerk entered a default judgment. Almost six months later, Bloom has now moved to set aside the default judgment.

A default judgment may be set aside pursuant to Rule 60(b), Fed. R. Civ. P. See Fed R. Civ. P. 55(c). Where a defendant seeks relief under Rule 60(b)(1) based upon "excusable neglect," the court applies the same three factors governing a "good cause" analysis under Rule 55(c). Brandt v. American Bankers Ins. Co., 653 F.3d 1108, 1111 (9th Cir. 2011). Those factors include: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant lacks a meritorious defense; or (3) whether setting aside the default judgment would prejudice the plaintiff. Id. These factors are applied so as to balance the competing interests in assuring substantial justice and in protecting the finality of judgments. A motion to set aside can be denied "if any of the three factors is true." Id. (citation omitted).

**A. Notice**

Bloom contends that he never received notice and had no knowledge of the Forfeiture Action until after default judgment was entered. Bloom's lawyer, Nathan Carr, also avows

that he did not receive any of the pleadings in the Forfeiture Action and only learned about the action by chance when reviewing the docket in the IRS Hardship Action. Carr Affidavit 1:19-23.

This *in rem* forfeiture action is governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). Under Supplemental Rule G(4)(b)(iii)(B), notice of an action "may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case." Attorney Carr was representing Bloom in the IRS Hardship Action. The hardship petition was a challenge to the seizure of the Rolls Royce. Therefore, for purposes of Supplemental Rule G(4)(b)(iii)(B), Attorney Carr was "representing the potential claimant with respect to the seizure of the property." Id.

Bloom incorrectly argues that at the time Attorney Carr was served with the Forfeiture Action, *there was no "administrative forfeiture proceeding."* Motion at 6 (emphasis in original). Carr was served with the Forfeiture Action on November 14, 2012 (12-CV-2337, doc. 7-1). Judgment was not entered in the IRS Hardship Action until January 28, 2013 (12-CV-1999, doc. 13). Therefore, at the time the government served Carr, he was still representing Bloom with respect to seizure of the Rolls Royce. Therefore, service on Carr satisfied the government's notice obligation under Rule G(4)(b)(iii)(B).

We note in reaching this conclusion that, although Carr was moving his office during November 2012, he kept an office and staff at the old address through November. See Affidavit of Jana Darling ¶ 3. The complaint in the Forfeiture Action was served to that address on November 14, 2012, and was signed for by office staff. There is no explanation as to why Carr did not receive the notice immediately upon service given that he still had an office and staff in place. The alleged failure to receive notice of the Forfeiture Action does not constitute good cause to set aside the default judgment.

**B. Meritorious Defense**

Bloom argues that the default judgment must be set aside because he has a meritorious

defense to the forfeiture. He generally asserts that the funds he used to purchase the Rolls Royce were not proceeds of illegal drug activity. Motion at 7-8. He contends that he is unable to provide more information unless the affidavit in the IRS Hardship Action (doc. 8) is unsealed.

Although the burden on a party seeking to vacate a default judgment on the basis of a meritorious defense "is not extraordinarily heavy," TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 700 (9th Cir. 2001), the movant must present "specific facts that would constitute a defense," Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004).

Bloom has not satisfied this burden. Instead, he offers only conclusory statements denying that the funds used to purchase the Rolls Royce were not proceeds of illegal drug activity. Other than this bare assertion, he has provided no facts to support this contention. "A mere general denial without facts to support it is not enough to justify vacating a default or default judgment." Id. (quoting Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969)).

More importantly, however, Bloom does not challenge the government's claim that, in purchasing the Rolls Royce, he structured numerous payments to avoid the currency transaction reporting requirements in violation of 31 U.S.C. § 5324(a). The government is entitled to seek civil forfeiture of funds that were the subject of illegal structured banking transactions. 31 U.S.C. § 5317(c)(2).

Bloom was alleged to have repeatedly violated 31 U.S.C. § 5324 by structuring financial transactions to avoid the reporting requirements in the purchase of the Rolls Royce. Therefore, the Rolls Royce is subject to forfeiture. Bloom presents no facts that would constitute a defense to these charges. Unsealing the affidavit in the IRS Hardship Action would not assist in presenting this defense. The facts surrounding the structured transactions are not under seal. Therefore, we conclude that Bloom has not demonstrated that he can present a meritorious defense to the forfeiture of the Rolls Royce. Bloom's motion to set aside the default judgment is accordingly denied (doc. 16).

## IV. Conclusion

**IT IS ORDERED DENYING** Bloom's Motion to Set Aside Default, Re-Open Cases and Unseal Documents in the IRS Hardship Action (12-CV-1999, doc. 14).

**IT IS FURTHER ORDERED DENYING** Bloom's Motion to Set Aside Default, Re-Open Cases and Unseal Documents in the Forfeiture Action (12-CV-2337, doc. 16).

DATED this 19th day of September, 2013.

Frederick J. Martone

Frederick J. Martone
Senior United States District Judge